IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DEANGELO AVERY DOBBS,**

    **Plaintiff,**

    **v.**                                      **CASE NO. 22-3182-JWL-JPO**

**FERNANDO MESSER,**

    **Defendant.**

**MEMORANDUM AND ORDER**

Plaintiff, a prisoner in the Atchison County Jail, Atchison, Kansas, proceeds pro se in this civil rights complaint pursuant to 42 U.S.C. § 1983. His fee status is pending. He alleges he has been held in "lockdown" for over 35 days without a disciplinary report or other disciplinary review, that he has been denied access to the facility library as a result, and that he has not received adequate medical care during his incarceration.

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of the Atchison County Jail. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of the Atchison County Jail to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1)    The clerk of the court shall transmit a waiver of service to defendant Messer.

(2) Officials of the Atchison County Jail shall submit the *Martinez* Report within **sixty (60) days** from the date of this order. Upon the filing of the report, the Court will screen Plaintiff's Complaint. If the Complaint survives screening, the Court will enter a separate order setting an answer deadline. Therefore, any answer deadline provided in the waiver of service is not controlling.

(3) Officials responsible for the operation of the Atchison County Jail are directed to undertake a review of the subject matter of the Complaint:

    a. To ascertain the facts and circumstances;

    b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

    c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(4) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The Atchison County Jail must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(5) Authorization is granted to the officials of the Atchison County Jail to interview all witnesses having knowledge of the facts, including Plaintiff.

(6) No motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7)     Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Complaint.  This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter Sheriff Jack Laurie, the Sheriff of Atchison County, as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein.  Upon the filing of that report, Sheriff Laurie may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendant, and to the Sheriff of Atchison County.

**IT IS SO ORDERED.**

**Dated August 29, 2022, in Kansas City, Kansas.**

>       **s/ John W. Lungstrum**
>       **JOHN W. LUNGSTRUM**
>       **U. S. DISTRICT JUDGE**