IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DEANGELO AVERY DOBBS,**

    **Plaintiff,**

    v.                                                                                    CASE NO. 22-3182-JWL

**FERNANDO MESSER,**

    **Defendant.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Atchison County Jail ("ACJ"). On October 31, 2022, the Court entered an Order to Show Cause (Doc. 9) ("OSC") granting Plaintiff until November 30, 2022, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the OSC or to file an amended complaint to cure the deficiencies. Plaintiff was granted an extension of time until December 30, 2022, to respond to the OSC. (Doc. 11.) This matter is before the Court on Plaintiff's Response (Doc. 12).

The factual allegations are set forth in detail in the OSC. In general, Plaintiff claims that he was held in lockdown for 35 days without a disciplinary report, that he has been denied access to the law library, that he has been denied adequate medical care, and that he has been subjected to cruel and unusual punishment. (Doc. 9, at 1.) The Court found in the OSC that there is no showing that the lockdown was an exaggerated response to Plaintiff's failure to maintain good behavior, and that there is no suggestion that the actions were not reasonably related to the legitimate interest in maintaining order in the ACJ. *Id.* at 4.

The Court also found that Plaintiff's bare assertion of lack of medical care is not sufficient to state a claim for relief, he failed to identify any facts to show deliberate indifference,

the record shows that he has received medical care, and his complaint that guards are not "medically certified" to handle medication does not implicate a constitutional right. *Id*. at 5.

The Court found in the OSC that Plaintiff has not provided sufficient detail to show a denial of access to the courts. *Id*. at 6. While Plaintiff alleges that he was not allowed to go to the law library while held in lockdown, he failed to identify any injury arising from that, and he refused other opportunities to use the law library. *Id*.

Plaintiff was granted an opportunity to respond to the OSC to show good cause why his Complaint should not be dismissed for the reasons set forth in the OSC, or to submit an amended complaint to cure the deficiencies. Plaintiff has not submitted an amended complaint, but has filed a response.

The only claim addressed in Plaintiff's response is his claim that he was disciplined without due process. (Doc. 12, at 2.) Plaintiff alleges that he was punished without due process because he "was not given [sic] resembling a hearing, was not allowed to call witnesses in any disciplinary hearing even tho witnesses were listed and requested by plaintiff to testify in his favor for each incident." *Id*. Plaintiff asserts that if his response is inadequate, he would like to file an amended complaint to cure the deficiencies. *Id*.

The Court finds that Plaintiff has not shown good cause why his Complaint should not be dismissed for the reasons set forth in the OSC. However, the Court will grant Plaintiff one final opportunity to submit an amended complaint. Plaintiff should keep the following in mind when submitting an amended complaint.

The Fourteenth Amendment "prohibits *any* punishment" of a pretrial detainee without due process. *Hubbard v. Nestor*, 830 F. App'x 574, 583 (10th Cir. 2020) (unpublished) (citing *Blackmon v. Sutton*, 734 F.3d 1237, 1241 (10th Cir. 2013); *see also Bell v. Wolfish*, 441 U.S.

520, 535–37 (1979) (holding that the government may subject a pretrial detainee to restrictions and conditions of confinement without triggering procedural due process so long as such measures don't amount to punishment)). " '[A] showing of an expressed intent to punish on the part of detention facility officials'—standing alone—is sufficient to demonstrate 'the disability is imposed for the purpose of punishment.'" *Id*. (citing *Bell*, 441 U.S. at 538; *see also Blackmon*, 734 F.3d at 1241). Intentionally punishing a pretrial detainee by placing him on disciplinary status or in disciplinary segregation without giving him an opportunity to be heard violates his due process rights. *Id*.

The record shows that Plaintiff received Incident Reports written by staff, and the available video and Officers' reports were reviewed prior to Plaintiff being sanctioned with lockdown. It also appears that Plaintiff was given an opportunity to be heard regarding the incidents. Plaintiff attaches the response to his grievance, which states that "[t]he jail administrator discussed the incident with you prior to you being sanctioned. In fact, during the discussion, you claimed it was self-defense which was proven to be incorrect when the available video was reviewed." (Doc. 12 – 1, at 7.) Another response indicates that:

> [T]he Inmate Discipline program is an Administrative Process designed to control inmate behaivor [sic] while in confinement. It is not a criminal procedure. None the less, you were given a chance to express your point of view to the incident when asked by administration staff regarding what occurred. In the case of the fight you were involved in, you claimed self defense and the available video evidence clearly contradicted that. Likewise, video evidence clearly shows you throwing food at the Control Tower window in the case of your second lock down sanction even though you refused to discuss the incident when confronted by the Jail Administrator. You were originally scheduled to have completed lock down sanctions today (8/17/2022) but due to a new Incident Report written by staff on 8/16/2022, you will remain on lock down pending review of that incident. Lastly, you have been informed via direct email in every case you have been sanctioned.

*Id*. at 13.  The Incident Reports were also included in the *Martinez* Report.  (Doc. 8–5, at 2–10.)

In his Complaint, Plaintiff seeks monetary compensation "for every day I've spent on lockdown for pain and suffering and mental anguish." (Doc. 1, at 5.)  Plaintiff also seeks to have the Defendant "resign from his job." *Id*.  Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury.  Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

To the extent Plaintiff seeks Defendant's resignation or termination in his request for relief, the Court is without authority to grant such relief.  *See Nicholas v. Hunter*, 228 F. App'x 139, 141 (3rd Cir. 2007) ( "The remaining relief requested is not available as the District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment."); *Goulette v. Warren*, No. 3:06CV235-1-MU, 2006 WL 1582386, at n.1 (W.D. N.C. June 1, 2006) ("The Court notes that even if Plaintiff's claims prevailed in this case, this Court would not, based upon this law suit, have the authority to order the termination of the Defendant's employment or to grant Plaintiff an immediate, early release from jail."); *Dockery v. Ferry*, No. 08-277, 2008 WL 1995061, at *2 (W.D. Pa. May 7, 2008) (finding that the court cannot issue an order which would direct a local government to terminate a police officer's employment) (citing *In re Jones*, 28 F. App'x 133, 134 (3rd Cir. 2002) ("Jones is not entitled to relief . . . [S]he asks this Court to prohibit the State of Delaware from filing charges against her.  The federal courts, however, have no general power in mandamus action to compel action, or in this case inaction, by state officials.")); *Martin v. LeBlanc*, No. 14-2743, 2014 WL 6674289, at n.1 (W.D. La. Nov. 24, 2014) (finding that where plaintiff requested an

investigation, the termination of the defendants' employment and the closure of the prison, "[s]uch relief is not available in this action"); *Merrida v. California Dep't of Corr.*, No. 1:06-CV-00502 OWW LJO P, 2006 WL 2926740, at n.1 (E.D. Cal. Oct. 11, 2006) (finding that where plaintiff prays for the termination of defendant's employment, "the court cannot award this form of relief to plaintiff) (citing 18 U.S.C. § 3626(a)(1)(A)).

The Court also notes that any request for injunctive relief would be moot because Plaintiff is no longer in custody at the ACJ. Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. (Doc. 13.) Article III of the Constitution extends the jurisdiction of federal courts only to "live, concrete" cases or controversies. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds*. Consequently, "[m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande*, 601 F.3d at 1109 (internal quotations and citations omitted).

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495 1974). The Tenth Circuit has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement. *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d

1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot).

In his Complaint, Plaintiff names Fernando Messer as the sole defendant, but does not explain how this defendant personally participated in the alleged violations of his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

The Court will grant Plaintiff one final opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (22-3182-JWL) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended

complaint.  *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **March 3, 2023,** in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send Plaintiff § 1983 forms and instructions.

**IT IS SO ORDERED**.

**Dated February 8, 2023, in Kansas City, Kansas.**

            **S/  John W. Lungstrum**
            **JOHN W. LUNGSTRUM**
            **UNITED STATES DISTRICT JUDGE**