IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEANGELO AVERY DOBBS,

    **Plaintiff,**

    v.                                             CASE NO. 22-3182-JWL

FERNANDO MESSER,

    **Defendant.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Atchison County Jail ("ACJ"). After a report was prepared under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (Doc. 8), the Court entered an Order to Show Cause (Doc. 9) ("OSC") granting Plaintiff until November 30, 2022, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the OSC or to file an amended complaint to cure the deficiencies. The Court entered a Memorandum and Order (Doc. 15) ("M&O"), reviewing Plaintiff's response (Doc. 12), and granting Plaintiff an opportunity to file a complete and proper amended complaint to cure the deficiencies set forth in the M&O. This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 16).

**I. Nature of the Matter before the Court**

Plaintiff alleges in his Amended Complaint that Defendant Messer is the jail administrator that is in charge of all grievance and disciplinary issues. (Doc. 16, at 1.) Plaintiff alleges that Defendant Messer denied Plaintiff access to the law library while Plaintiff was on lockdown. *Id*. at 2. Plaintiff alleges that this caused the dismissal of a lawsuit brought against the same facility for tampering with Plaintiff's legal mail. *Id*.

Plaintiff alleges that although Defendant claims Plaintiff received an incident report prior to his lockdown, Plaintiff claims he only received word of mouth regarding what he was being locked down for and only after he complained that he had not received a writeup. *Id*. Plaintiff claims he was only told what was going to happen and why, but he did not receive an incident report until the Court ordered a *Martinez* Report. *Id*. Plaintiff claims he was not allowed to call his witnesses regarding an incident where he told Defendant "he was a nobody and has no rank." *Id*.

As Count I, Plaintiff alleges a due process violation because he was placed on lockdown for 35 days without the chance to call witnesses and without seeing a disciplinary board. *Id*. at 3. As Count II, Plaintiff alleges the denial of court access. *Id*. Plaintiff alleges that he was placed on lockdown in August 2022, without access to the law library. *Id*. Plaintiff states that:

> Yes I refused 3 separate times before I was ever placed on lockdown and even after those refusals continued to go other times due to the defendant denying me access to the law library. Said case was against Jess Knoll [sic] and Travis Wright for tampering with my legal mail. Even after the lockdown ended he refused me access to the law library until I wrote his superior because the judge has never told me that I could not have access only the defendant refused me access.

*Id*.

Plaintiff names Fernando Messer as the sole defendant. Plaintiff seeks $35,000 in monetary damages, consisting of "1,000 dollars a day for every day I was forced to endure punishment without due process as a pre-trial detainee." *Id*. at 5.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the

plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

**1. Due Process**

The Fourteenth Amendment "prohibits *any* punishment" of a pretrial detainee without due process. *Hubbard v. Nestor*, 830 F. App'x 574, 583 (10th Cir. 2020) (unpublished) (citing *Blackmon v. Sutton*, 734 F.3d 1237, 1241 (10th Cir. 2013); *see also Bell v. Wolfish*, 441 U.S. 520, 535–37 (1979) (holding that the government may subject a pretrial detainee to restrictions and conditions of confinement without triggering procedural due process so long as such

measures don't amount to punishment)). " '[A] showing of an expressed intent to punish on the part of detention facility officials'—standing alone—is sufficient to demonstrate 'the disability is imposed for the purpose of punishment.'" *Id.* (citing *Bell*, 441 U.S. at 538; *see also Blackmon*, 734 F.3d at 1241). Intentionally punishing a pretrial detainee by placing him on disciplinary status or in disciplinary segregation without giving him an opportunity to be heard violates his due process rights. *Id.*

The record shows that Plaintiff received Incident Reports written by staff, and the available video and Officers' reports were reviewed prior to Plaintiff being sanctioned with lockdown. It also appears that Plaintiff was given an opportunity to be heard regarding the incidents. Plaintiff attaches the response to his grievance, which states that "[t]he jail administrator discussed the incident with you prior to you being sanctioned. In fact, during the discussion, you claimed it was self-defense which was proven to be incorrect when the available video was reviewed." (Doc. 12–1, at 7.) Another response indicates that:

> [T]he Inmate Discipline program is an Administrative Process designed to control inmate behaivor [sic] while in confinement. It is not a criminal procedure. None the less, you were given a chance to express your point of view to the incident when asked by administration staff regarding what occurred. In the case of the fight you were involved in, you claimed self defense and the available video evidence clearly contradicted that. Likewise, video evidence clearly shows you throwing food at the Control Tower window in the case of your second lock down sanction even though you refused to discuss the incident when confronted by the Jail Administrator. You were originally scheduled to have completed lock down sanctions today (8/17/2022) but due to a new Incident Report written by staff on 8/16/2022, you will remain on lock down pending review of that incident. Lastly, you have been informed via direct email in every case you have been sanctioned.

*Id.* at 13. The Incident Reports were also included in the *Martinez* Report. (Doc. 8–5, at 2–10.)

The Court found in the OSC that Plaintiff was involved in a fight with another inmate and both were placed on lockdown pending a review of the incident. (Doc. 9, at 2.) The Jail Administrator reviewed video of the incident and sanctioned both inmates with 14 days of lockdown with credit from the time of the incident. *Id*. Plaintiff was given written notice of the decision. *Id*. Plaintiff also cursed at staff and threw a food tray and books down from the second floor. *Id*. Plaintiff also kicked a food tray from the top tier and threw food to the Control Tower Window. *Id*. Plaintiff received an additional 7 days of lockdown for these incidents. *Id*. Plaintiff also received additional incident reports and 14 days of lockdown for interfering with a bed check, cursing at staff, and throwing newspapers at staff. *Id*. at 2–3. The Court found in the OSC that there is no showing that the lockdown was an exaggerated response to Plaintiff's failure to maintain good behavior, and that there is no suggestion that the actions were not reasonably related to the legitimate interest in maintaining order in the ACJ. *Id*. at 4. Plaintiff should show good cause why this claim should not be dismissed.

**2. Court Access**

The Court found in the OSC that Plaintiff has not provided sufficient detail to show a denial of access to the courts. *Id*. at 6. While Plaintiff alleges that he was not allowed to go to the law library while held in lockdown, he failed to identify any injury arising from that, and he refused other opportunities to use the law library. *Id*.

Plaintiff was released from lockdown on August 31, 2022, and was not placed back in that status at the ACJ. *Id*. at 3. Plaintiff now claims that he missed the deadline in his action against Noll and Wright due to the denial of access to the law library. However, in that case, Plaintiff was granted until September 6, 2022, in which to respond to the Court's Notice and Order to Show Cause. *See Dobbs v. Kansas*, Case No. 22-3162-JWL-JPO, at Doc. 3. Plaintiff

filed a motion for leave to proceed in forma pauperis on August 12, 2022. *Id*. at Doc. 4. Plaintiff did not request an extension of time to respond to the Notice and Order to Show Cause. The case was not dismissed until September 14, 2022. *Id*. at Docs. 5, 6.  In that case, Plaintiff claims that his legal mail was opened outside of his presence on one occasion. *Id*. at Doc. 3. Plaintiff also filed a new case against these defendants on August 5, 2022. *See Dobbs v. Noll*, Case No. 22-3136-JWL.  Plaintiff also filed a motion for leave to proceed in forma pauperis on August 12, 2022 in that case, and that case remains pending. *Id*. at Doc. 3.

It is settled law that an inmate has a constitutional right of access to the courts. It also is settled that "to present a viable claim for denial of access, the inmate must allege and prove prejudice arising from Defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing."). An inmate claiming a denial of access to the courts may meet the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis*, 518 U.S. at 351–53. Generally, the plaintiff must show that, by denying plaintiff access to the law library, prison officials frustrated or impeded the plaintiff's ability to file a non-frivolous action. *Id.* at 351, 354–55.

In *Lewis*, the Supreme Court explained that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 at 354. Instead, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* (emphasis in original).

Plaintiff has not shown that the denial of access to the law library resulted in the type of actual injury required by *Lewis*. Plaintiff should show good cause why this claim should not be dismissed.

### 3. Request for Relief

Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

The Court also notes that any request for injunctive relief would be moot because Plaintiff is no longer in custody at the ACJ. Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. (Doc. 13.) Article III of the Constitution extends the jurisdiction of federal courts only to "live, concrete" cases or controversies. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds*. Consequently, "[m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande*, 601 F.3d at 1109 (internal quotations and citations omitted).

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495 1974). The Tenth Circuit

8

has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement. *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot).

**IV.  Response Required**

Plaintiff is required to show good cause why his Amended Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this matter without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **April 3, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Amended Complaint should not be dismissed for the reasons stated herein and in the Court's OSC at Doc. 9 and M&O at Doc. 15.

 **IT IS SO ORDERED**.

Dated March 10, 2023, in Kansas City, Kansas.

<u>S/  John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE