IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DEANGELO AVERY DOBBS,**

    **Plaintiff,**

    v.                                                        CASE NO. 22-3182-JWL

**FERNANDO MESSER,**

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Atchison County Jail in Atchison, Kansas ("ACJ"). After a report was prepared under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (Doc. 8), the Court entered an Order to Show Cause (Doc. 9) ("OSC") granting Plaintiff until November 30, 2022, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the OSC or to file an amended complaint to cure the deficiencies. On March 10, 2023, the Court entered a Memorandum and Order (Doc. 17) ("M&O") screening Plaintiff's Amended Complaint at Doc. 16, and granting Plaintiff until April 3, 2023, in which to show good cause why his Amended Complaint should not be dismissed for the reason set forth in the M&O. Plaintiff has failed to respond by the Court's deadline.

Plaintiff alleges a due process violation because he was placed on lockdown for 35 days without the chance to call witnesses and without seeing a disciplinary board. (Doc. 16, at 3.) The Court found in the M&O that the record shows that Plaintiff received Incident Reports written by staff, and the available video and Officers' reports were reviewed prior to Plaintiff being sanctioned with lockdown. It also appears that Plaintiff was given an opportunity to be heard regarding the incidents.

The Court found in the OSC that Plaintiff was involved in a fight with another inmate and both were placed on lockdown pending a review of the incident. (Doc. 9, at 2.) The Jail Administrator reviewed video of the incident and sanctioned both inmates with 14 days of lockdown with credit from the time of the incident. *Id*. Plaintiff was given written notice of the decision. *Id*. Plaintiff also cursed at staff and threw a food tray and books down from the second floor. *Id*. Plaintiff also kicked a food tray from the top tier and threw food to the Control Tower Window. *Id*. Plaintiff received an additional 7 days of lockdown for these incidents. *Id*. Plaintiff also received additional incident reports and 14 days of lockdown for interfering with a bed check, cursing at staff, and throwing newspapers at staff. *Id*. at 2–3. The Court found in the OSC that there is no showing that the lockdown was an exaggerated response to Plaintiff's failure to maintain good behavior, and that there is no suggestion that the actions were not reasonably related to the legitimate interest in maintaining order in the ACJ. *Id*. at 4. The Court directed Plaintiff to show good cause why this claim should not be dismissed.

As Count II, Plaintiff alleges the denial of court access. (Doc. 16, at 3.) Plaintiff alleges that he was placed on lockdown in August 2022, without access to the law library. *Id*. It is settled law that an inmate has a constitutional right of access to the courts. It also is settled that "to present a viable claim for denial of access, the inmate must allege and prove prejudice arising from Defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing."). The Court found in the M&O that Plaintiff has not shown that the denial of access to the law library resulted in the type of actual injury required by *Lewis*. The Court directed Plaintiff to show good cause why this claim should not be dismissed.

The Court also found in the M&O that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e). The Court also noted that any request for injunctive relief would be moot because Plaintiff is no longer in custody at the ACJ.

The M&O provides that "[f]ailure to respond by the deadline may result in dismissal of this matter without further notice."  (Doc. 17, at 9.)  Plaintiff has failed to respond by the deadline and has failed to show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the Court's M&O.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

 **IT IS SO ORDERED**.

**Dated April 10, 2023, in Kansas City, Kansas.**

> **S/  John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**